## Commonwealth v. Zussman et al.

*John H. Maurer* and *Clare G. Fenerty*, Assistant District Attorneys, for Commonwealth.

*Abraham Wernick,* for defendants.

FERGUSON, P. J., March 27, 1931.—Herman and Alexander Zussman, the defendants, were indicted for the murder of Anna Thunn. To this bill they entered a plea of not guilty. On the same day this plea was entered defendants were also arraigned on another bill, charging them with a felonious assault upon the said Anna Thunn and with robbery. To this bill defendants pleaded guilty and they were thereupon sentenced. Subsequently defendants were called for trial on the murder bill, when they interposed a plea of *autrefois convict.* This plea recited the proceedings above narrated, and also that, in response to a rule for a bill of particulars, the district attorney replied that the Commonwealth would show that the murder of Anna Thunn was committed in and about the perpetration of a robbery. To this plea of *autrefois convict* the Commonwealth demurred.

A plea of guilty is a confession of guilt and is equivalent to conviction, and the court must pronounce judgment and sentence as upon a verdict of guilty. The demurrer in this case admits the conviction upon the robbery bill.

It is contended that a man may not be tried upon a bill charging murder in connection with a robbery, who has entered a plea of guilty upon a bill charging felonious assault upon and robbery from the same person. We cannot concur in this view.

In the case at bar there is no suggestion of a killing in the bill charging robbery, and it is obvious defendants on that bill could not have been convicted of murder. By our statutes, the concurrence of the crimes may fix the degree of murder, but they do not make robbery the crime of murder. It is certain there may be robbery without murder and murder without robbery. Both crimes cannot be based on the same act.

There have been authorities cited to us from many jurisdictions, and they are not in harmony, and while a number of cases appear in Pennsylvania decisions, in which pleas of *autrefois acquit* or *convict* are dealt with, there is none that deals with the precise one here presented. We have many sex cases in which more than one offense has been found to grow out of one illegal sexual act. A conviction or acquittal of one offense has been held a bar to a trial on another, but one act was the basis for both charges, and the evidence to convict on one would support a conviction on the other. An acquittal on one charge would show that the defendant could not have been guilty of the other. Such a conclusion could not be made with respect to the felonies of robbery and murder. An acquittal of murder would not show that no robbery had been committed, and the converse is as true. In dealing with a plea of *autrefois convict*, the test is whether or not the two felonies grow out of the same identical act: Com. *v.* Ramunno, 219 Pa. 204.

"It is not in all cases necessary that the two charges should be precisely the same in point of degree, for it is sufficient, if an acquittal of the one would show that the defendant could not have been guilty of the other. Thus a general acquittal of murder is a discharge upon an indictment for manslaughter upon the same person, because the latter charge was included in the former, and if it had so appeared on the trial the defendant might have been convicted of the inferior offense, and, on the other hand, an acquittal of manslaughter will preclude a future prosecution for murder, for if he were innocent of the modified crime, he could not be guilty of the same fact, with the addition of malice and design:" Chitty on Criminal Law, 455.

Counsel for defendants leans heavily upon two decisions in New Jersey: State *v.* Cooper, 13 N. J. L. 361, and State *v.* Mowser, 92 N. J. L. 474. In State *v.* Cooper, defendant was indicted and convicted of arson. He was subsequently indicted for murder, because in the building burned a human being lost his life. It was held that the conviction on the arson bill was a bar to a trial on the murder bill. A careful reading indicates clearly that the court held as it did because two felonies were founded upon one act—the setting fire to the building. This case was followed by State *v.* Rosa, 72 N. J. L. 462. In State *v.* Mowser, *supra*, there was a killing in connection with a robbery. The lower court held that such conviction was no bar to a trial on the murder charge. This was reversed, with a dissenting opinion, it being held that the former conviction was a bar. We have great respect for the decisions of the New Jersey courts, but we cannot follow the reasoning in the Mowser case. On page 479 it is said: "To be consistent with the legal rule enunciated by this court in State *v.* Rosa, and in the Supreme Court in State *v.* Cooper, the prime inquiry in the present case must be whether or not the murder was the *result* of the criminal act of the accused done in the perpetration of the robbery, to which he had pleaded guilty. If it was, then upon principle and authority of the cases just cited, the prosecution for murder is barred." The court, in State *v.* Cooper and State *v.* Rosa, had declared that the pleas must be upon a prosecution for the same act, and this doctrine is affirmed in State *v.* Mowser, and yet, as appears by the above quotation, the court holds that the matter to be determined is not whether the two felonies grew out of the

same act, but whether or not one was the *result* of the criminal act. What act is referred to? The murder was one act; the robbery was another. We fail to see how either murder or robbery could be said to be the result one of the other. Notwithstanding this doctrine, the opinion cites, with approval, the declaration in State *v.* Rosa, to the effect that where crimes arise out of the same transaction it is the character of the act, not the results which grow from it, which determines the question of guilt. We cannot regard State *v.* Mowser as a precedent. In that case, as in our case, the two crimes of robbery and murder did not grow out of the same act. The act that caused the death of the deceased was a blow given by the defendant, as the act causing the death of deceased in State *v.* Cooper was the applying of the torch, but the blow given in State *v.* Mowser and in our case (which we are informed was a bullet from a pistol) did not constitute the robbery as the setting fire constituted arson in State *v.* Cooper. Another and quite distinct act was necessary besides the blow; that is to say, the taking of property from the victim, either before or after the blow, which resulted in death, had been given. In our opinion, the crime of murder cannot grow out of that of robbery, nor is it the result of robbery.

In Wharton's Criminal Law, the correctness of the decision in State *v.* Cooper, *supra*, is questioned. The author says [§ 563]: "The true test is, could there have been a conviction of the major offense at the time of the conviction or acquittal of the minor? If so, then such conviction or acquittal of the minor is a bar. The reason is, that by convicting or acquitting of the minor, on a count in which the major is contained, the defendant is virtually acquitted of the major. Thus, on a count for murder, when the defendant is either convicted or acquitted of manslaughter, he is acquitted of murder. The verdict is, as given in full, 'We find the defendant guilty (or not guilty) of manslaughter; and, hence, not guilty of murder.' On the same reasoning may we justify a much contested case in Connecticut, where, after a conviction of assault with intent to ravish, under a count of rape, the defendant was indicted a second time for rape, when it was held that his conviction on the first trial of the assault with intent, on a count on which he could have been convicted of rape, was virtually an acquittal of rape, and was consequently a bar to the second prosecution for rape. The same reasoning, where there is a verdict of conviction of assault, on a count for assault and battery, makes such conviction a bar to a second prosecution for the battery; for the conviction of the assault, at the first trial, is virtually an acquittal of the battery. But, on the other hand, when, on the first suit, the defendant could not, on the then pending indictment, have been convicted of the major offense, then his conviction or acquittal, at such first trial, of such minor offense, does not necessarily pass on the major, and is no bar to his subsequent prosecution for the major." "It may be generally said [§ 565] that the fact that the two offenses form part of the same transaction is no defense when the defendant could not have been convicted, at the first trial, on the indictment then pending, of the offense charged in the second indictment."

We conclude that the evidence necessary to secure a conviction of murder, even though it showed the concurrence of robbery, would not have been sufficient to procure a legal conviction of murder upon the trial of the robbery bill. It follows that defendants have never been in jeopardy on the charge of murder.

For these reasons the plea of *autrefois convict* in the present cause must be denied. The demurrer of the Commonwealth must be sustained and judgment must be entered for the Commonwealth on the plea and demurrer.