# Commonwealth v. Ramunno, Appellant.

*Criminal law—Murder—Assault and battery with intent to kill—Twice in jeopardy—Autrefois convict—Habeas corpus.*

Where a person has been convicted of assault and battery with intent to kill, and thereafter his victim dies, and he is indicted for murder, he cannot plead autrefois convict as a defense, since he has not been placed twice in jeopardy for the same offense.

Where a person has been convicted and imprisoned for assault and battery with intent to kill, and thereafter his victim dies, he may be removed from the penitentiary by a writ of habeas corpus at the instance of the district attorney, and indicted and tried for murder.

Argued Oct. 15, 1907. Appeal, No. 111, Oct. T., 1907, by defendant, from judgment of O. & T. Jefferson Co., Jan. T., 1907, No. 2, on verdict of murder of the first degree in case of Commonwealth v. Dominic Ramunno. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before BOUTON, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree, upon which judgment was passed.

*Error assigned* was in overruling motion in arrest of judgment.

*Raymond E. Brown*, with him *Jacob L. Fisher*, and *William L. McCracken*, for appellant.—A verdict and judgment, whether of conviction or acquittal, under an indictment, is a final adjudication of the question at issue—the guilt or innocence of the defendant: Com. v. Rockafellow, 3 Pa. Superior Ct. 588; United States v. Gibert, 2 Sumner (U. S.), 19.

A single criminal act cannot be split up into two or more distinct indictable offenses and be prosecuted as such: Drake v. State, 60 Alabama, 43; Simco v. State, 2 Criminal Law Magazine, 26; State v. McCormick, 8 Oregon, 236; Sadler's

Criminal Procedure, 336; Com. v. Lloyd, 141 Pa. 28; Com.
v. Neeley, 2 Chester County Rep. 191; Fox v. State, 50
Arkansas, 528 (8 S. W. Repr. 836); State v. Cross, 101 N. C.
770 (7 S. E. Repr. 715); State v. Smith, 43 Vt. 324; Wemyss
v. Hopkins, L. R. 10 Queen's Bench, 378; Regina v. Bird, 5
Cox's Criminal Cases, 20; State v. Cooper, 13 N. J. Law, 361;
Regina v. Morris, 10 Cox's Criminal Cases, 480; Com. v.
Morgan, 9 Kulp, 573; Com. v. Cunningham, 13 Mass. 245;
Cooper v. Com., 106 Ky. 909 (51 S. W. Repr. 789); Roberts
v. State, 14 Georgia, 8; Holt v. State, 38 Ga. 187; Bell v.
State, 103 Ga. 397 (30 S. E. Repr. 294).

If the first indictment were such as the prisoner might have
been convicted upon by proof of the facts contained in the
second indictment, an acquittal or conviction on the first in-
dictment will be a bar to the second: Rex v. Vandercomb, 2
Leach, 708; Commonwealth v. Roby, 29 Mass. 496; Dinkey
v. Com., 17 Pa. 126.

A defendant tried and convicted or acquitted of murder
cannot subsequently be indicted for assault with intent to kill,
for the lesser crime is a constituent element of the greater.
It is murder of the first degree, less the resulting death: Com-
monwealth v. Brosk, 8 Pa. Dist. Rep. 638; Com. v. Adams,
2 Pa. Superior Ct. 46.

The writ of habeas corpus will not lie to discharge a prisoner
who is in custody by virtue of a judgment, sentence, order or
decree of a court of competent jurisdiction: Williamson v.
Lewis, 39 Pa. 9; Commonwealth v. Jail Keeper, 26 Pa. 279;
Dickinson v. Purvis, 8 Sergeant & Rawle, 71; Respublica v.
Gaol Keeper, 2 Yeates, 349; In re Rolfs, 30 Kansas, 758;
Sims's Case, 61 Mass. 285; Ex parte Kearney, 20 U. S. 38;
Ex parte Watkins, 28 U. S. 193.

The only legitimate object of the writ of habeas corpus is
to relieve from restraint and imprisonment: State v. Cheese-
man, 5 N. J. L. 445; State v. Ward, 8 N. J. L. 120.

*James V. Murray*, district attorney, for appellee.—The fol-
lowing authorities are respectfully submitted as evidence of
the law which should govern in the determination of the ques-
tion involved in this case: Burns & Cary v. People, 1 Parker's
Criminal Rep. 182; Curtis v. State, 22 Texas App. 227 (3 S.

W. Repr. 86); Regina v. Friel, 17 Cox's Crim. Cases, 325; Com. v. Breyessee, 160 Pa. 451; Winn v. State, 82 Wis. 571 (52 N. W. Repr. 775).

The court had jurisdiction of person of the defendant: Com. v. Ross, 28 Pa. C. C. Rep. 276; State v. Wilson, 38 Conn. 126; Ex parte Griffiths, 5 Barnewall & Alderson, 730; s. c., 7 E. C. L. 243; Re Wetton, 1 Crompton & Jervis, 459; Rigor v. State, 101 Maryland, 465.

OPINION BY MR. JUSTICE BROWN, November 14, 1907:

At the April sessions, 1906, of the court of quarter sessions of Jefferson county, Dominic Ramunno, the appellant, and Gemaro Mezzanotti were indicted for having committed an assault upon Julius Sleziwicz, with intent to kill him, and, having been convicted by a jury, were each sentenced, on April 23, 1906, to pay a fine of $100 and undergo an imprisonment in the penitentiary for a period of seven years. They were duly committed to the warden of that institution on April 26, 1906. On the day following, April 27, Sleziwicz died from the effect of their assault upon him, and subsequently an information was made against them, charging them with having murdered him. On a writ of habeas corpus, issued out of the court of common pleas of Jefferson county, at the instance of the district attorney, they were brought back to the county by the high sheriff, to whom the warden of the penitentiary had surrendered them in obedience to the writ directed to him; and, after the warrant in which they were charged with murder had been served upon them, they were committed to the county jail to await the action of the grand jury. On January 16, 1907, they were indicted for the murder of Sleziwicz, and subsequently tried together and convicted, Ramunno, of murder of the first degree, and Mezzanotti, of murder of the second degree. From the judgment of death pronounced upon the former we have this appeal.

Upon the arraignment of the prisoners, a motion was made to quash the indictment against them on the ground that the court had no jurisdiction to try them, as they had been brought within it without their consent and, therefore, illegally, at the instance of the district attorney by a writ of habeas corpus. This motion was overruled, and, having been directed to plead,

they pleaded in bar of the indictment against them their conviction of the felonious assault upon Sleziwicz, averring that by such conviction they had been put in jeopardy and punished for their offense.   To this plea the commonwealth demurred, and, the demurrer having been sustained, the trial proceeded on the general issue.   In a motion in arrest of judgment and for a new trial, the exceptions taken to the court's jurisdiction and the plea of former jeopardy were renewed.

In the court below, as we gather from the opinion overruling the motion in arrest of judgment and denying a new trial, counsel for the prisoners urged that the plea of autrefois convict was a bar to the indictment under the constitutional provision that " No person shall, for the same offence, be twice put in jeopardy of life or limb."   On this appeal we are told that they were misunderstood by the trial judge, as the prisoners' plea was not based upon the constitutional protection against a second jeopardy, but upon the common-law rule that no one shall be punished twice for the same offense, and upon section 30 of the Act of March 31, 1860, P. L. 427, which provides that, " In any plea of autrefois acquit, or autrefois convict, it shall be sufficient for any defendant to state, that he has been lawfully convicted, or acquitted, as the case may be, of the offense charged in the indictment."   The constitutional provision against being placed in jeopardy twice for the same offense, found in the declaration of rights, is but a recognition of the humane rule of the common law, and a plea of former conviction is good under either.   Section 30 of the act of 1860, merely provides for the simplification of the plea when made.

When the appellant and Mezzanotti were indicted and tried for assaulting Sleziwicz, he was still alive.   Though they had intended to kill him, their murderous intention had not been effected, and it would not have been if he had survived the assault; but his assailants had committed a crime for which the law invoked punishment, and when it was inflicted the only crime for which they could then be punished was felonious assault.   They had not then committed murder, for their victim had not died.   The law could not then have said that he would die, and their trial for the offense then committed was not to be indefinitely postponed in view of a mere contingency that what they had done might be followed, as the

direct and intentional result of their act, by the other and distinct crime of murder.  When they were tried in 1906, they were tried for the only offense they had committed up to that time.  When they were tried in 1907 for murder, it was for an offense of which they were guiltless in the preceding year. Murder is committed only when the victim of the assault dies. How, then, could the plea of autrefois convict have been successfully pleaded in bar of the indictment for murder, when no murder had been committed at the time of the former conviction?  Authorities not only uniform, but without number, sustain the view of the trial judge that the prisoners had never before been in jeopardy or punished for the crime of murder. It would be an affectation of research to attempt to cite them, all recognizing the rule as laid down in 4 Bl. Com. 336 : The plea of former acquittal or former conviction must be upon a prosecution for the same identical act and crime.  Courts in England and this country have without exception announced the principle that unless the first indictment was such as the prisoner might have been convicted upon by proof of the facts contained in the second indictment, an acquittal on the first can be no bar to the second.  "When the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea of autrefois acquit is generally good, but not otherwise : " Hilands v. Commonwealth, 114 Pa. 372.  The evidence in support of the indictment for murder could not have secured a conviction of that crime on the first indictment, charging only assault upon a person then living.  The innumerable authorities sustaining the court below are to be found in Stephen's Crim. Law, 173 ; Wharton's Crim. Pleading and Prac. (8th ed.), sec. 476 ; 1 Bishop's Crim. Law, sec. 1059 ; 12 Cyc. of Law and Proc. 284 ; and 17 Am. and Eng. Ency. of Law, 600.  In State v. Littlefield, 70 Me. 452, the plea made by this appellant was made by the defendant there, and it was said, "At the time of the first prosecution and conviction the defendant had not committed the crime with which he is now charged.  True, the force had been inflicted upon the body of Morton, but his death had not ensued.  The force was acting to produce its effect, and the defendant was as much responsible for its natural and necessary result as if he had all the while been pressing it

upon the body of his victim.    When death was caused by that force a new and distinct crime was consummated by the defendant, of which he was not before guilty, and for which he could not have been convicted at the time of the first prosecution.    The offenses are not the same in fact, and therefore are not identical." To have overruled the commonwealth's demurrer to the prisoner's plea of former jeopardy would have been error, to the wrong of the commonwealth.

On the prisoner's other contention, not much ought to be said, for nothing can be said in support of it.    At all times he was within the commonwealth.    By its process he had been committed to one of its penal institutions for a violation of one of its laws.    It not only did not object to his being brought into the jurisdiction of one of its courts to answer a more serious charge than the one upon which he had been committed, but asked, at the instance of a district attorney representing it in his district, that his body should be produced, to be subjected to punishment upon a charge which he was called to answer, different and distinct from that for which he had formerly been convicted.    The warden of the penitentiary having him in custody made no question as to the commonwealth's right to take him away ; and, under the circumstances, when he reached the jurisdiction in which he was to be tried for the most serious offense known to the law, it was none of his concern how he got there.    A prison is not a place of refuge for a criminal.    It is for his punishment, to which he is involuntarily committed, and the same power that commits him can take him from it when in the interest of justice he should be transferred elsewhere to answer for his misdeeds.

The assignments of error are overruled.    The judgment is affirmed and the record remitted for the purpose of execution.