### Commonwealth v. Amic

Before Sweet, *P. J.*, DiSalle and Simmons, *JJ.*

*Fred Sentner, Assistant District Attorney*, for Commonwealth.
*Gustave Diamond*, for defendant.

SIMMONS, *J.*, September 18, 1974—This is a case involving a plea in bar alleging double jeopardy. The facts are as follows: On Sunday, September 30, 1973, at or about 2:30 a.m., there was an altercation at Kio's Bar in the Borough of McDonald, Pa. Defendant, Charles Amic, and Chris Amic allegedly demanded entrance to the bar after closing hours and when refused entrance to the bar, they pulled the bartender, Robert H. Hull, from the doorway to the outside parking lot and began to fight him. In the meantime, another bartender, one Robert Penberthy, came out and attempted to stop the fight and, in the process, he was in some manner injured and shoved to the ground. The McDonald police arrived on the scene and took defendant, Charles Amic, and his brother, Chris Amic, to a justice of the peace, one David H. Williams.* They arrived at the justice of the peace office, Sunday, September 30, at 3 a.m. Defendants demanded an immediate hearing; a hearing was held; testimony was taken, and the two defendants were found guilty of disorderly conduct and were fined $10 each and costs of $11. The district attorney's office was not informed of this matter and was not represented at the hearing.

*Chris Amic, for some reason not apparent in the record, was not indicted by the grand jury.

In the meantime, Robert Penberthy, the alleged victim, was taken to Mercy Hospital and later, on October 1, 1973, at 1 p.m., the said Robert Penberthy was pronounced dead. In due course, defendant, Charles John Amic, III, was indicted for involuntary manslaughter because of the death of Robert Penberthy under the circumstances. At the time the case was called to trial before Judge Charles G. Sweet on Tuesday, March 26, 1974, the attorney for defendant pled double jeopardy as a plea in bar to the proceeding, claiming that defendant had been tried prior thereto at the justice of the peace office of David H. Williams, and that, therefore, defendant could not be tried again in the proceeding then before the court. This matter is a case of first impression in the Commonwealth of Pennsylvania. Defendant's counsel claimed that the rule of the Supreme Court enunciated in the case of Commonwealth v. Campana, 452 Pa. 233 304 A. 2d 432 (1973), supported defendant's position. The trial court ruled in favor of defendant counsel's contention and granted defendant's plea in bar and dismissed the case. The District Attorney of Washington County appealed from the trial court's decision and the matter is now before this court en banc to decide the correctness of the trial court's ruling.

In the Campana case, cited supra, a justice of the peace found defendant not guilty of disorderly conduct and, subsequently, additional charges arising out of the same incident, namely, resisting arrest and assault of a police officer were filed before another justice of the peace who bound defendant over to the grand jury. In the Campana case, the additional charges of resisting arrest and assault on a police officer were brought to the attention of both

justices of the peace and so both justices of the peace knew of all outstanding charges at the time of the preliminary hearings. Likewise, in the other companion cases with Campana, all charges were known and considered by the several justices of the peace who initially handled the matters.

In the case at bar, it is clear that the justice of the peace did not know, and could not have known, that the victim, Penberthy, was to die a day and a half later. Further, at the time defendant in the case at bar was presented to the justice of the peace, he could not have been convicted of involuntary manslaughter, since the offense of involuntary manslaughter had not occurred until the death of the victim, and, in addition, the justice of the peace had no jurisdiction to hear a manslaughter charge on the merits. Therefore, the offense of involuntary manslaughter could not have been considered by the justice of the peace as of September 30, 1973, and so the offense considered by the justice of the peace and the offense now considered in the case at bar are not the same in fact and are not identical. See Commonwealth v. Ramunno, 219 Pa. 204, 68 Atl. 184 (1907).

This matter having occurred on September 30, 1973, is governed by section 110 of the Pennsylvania Crimes Code of December 6, 1972, P.L. 1529 (No. 334), 18 P.S. §110, which was effective June 6, 1973. The pertinent parts of section 110 read as follows: "Sec. 110. When prosecution barred by former prosecution for different offense.

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in Section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

"(i) any offense *of which the defendant could have been convicted on the first prosecution;*

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense *was known* to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;" (emphasis supplied).

In Campana, the first State opinion, 452 Pa. 233, 252, 253, the majority of the court said: "We hold, in light of the persuasive authority discussed above, that the Double Jeopardy Clause requires a prosecutor to bring, in single proceeding, *all known* charges against a defendant arising from a 'single criminal episode.'" (emphasis supplied).

Subsequently, our Supreme Court, after the case was remanded back to it by the United States Supreme Court (see 414 U.S. 808, 94 S. Ct. 73, 38 L. E. 2d 44), said in a subsequent opinion, 455 Pa. 622, 626, 314 A. 2d 854, 856 (1974), that the Campana case is entirely in harmony with section 110 of the Pennsylvania Crimes Code. In any event, it is clear that the case at bar under the Pennsylvania Crimes Code which is now in effect would prevent a successful plea in bar on the ground of double jeopardy for two reasons: First, as heretofore mentioned, the offense of involuntary manslaughter which is now before the court for consideration could not have been considered by the justice of the

peace because that offense had not occurred until the victim had died which was after the first prosecution had taken place, and so all possible charges against defendant were not known to the justice of the peace at the time when he heard the charge of disorderly conduct against defendant. See Commonwealth v. Ramunno, cited supra.

Secondly, the prosecution is not barred by the former prosecution because, even if the offense had been known by the justice of the peace and the parties at the time the first prosecution occurred, it is clear that defendant could not have been convicted at the time of the first prosecution at the justice of the peace hearing for the reason that the offense for which defendant is now being prosecuted, namely, involuntary manslaughter, could not have been prosecuted before the justice of the peace because he has no jurisdiction to hear such a charge and to make a finding of guilty or not guilty. In any event, as a matter of good public policy, it would seem that the rights of the Commonwealth should not be barred in a nonadversary hearing where the public is not represented by counsel. The Commonwealth should always be represented by a district attorney in a serious case involving a homicide. Further, it is the opinion of the court that the case of Waller v. Florida, 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184 (1970), and the case of Ashe v. Swenson, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970), do not dictate a result different from that which has been reached by this court in this matter.

Wherefore, the trial court in this matter is reversed and the matter is remanded for trial consistent with this opinion.