611 A.2d 1025

**Dorin GRIFFITHS**

v.

**STATE of Maryland.**

No. 1158, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Sept. 2, 1992.

126

Arthur A. DeLano, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before WILNER, C.J., and MOYLAN and ALPERT, JJ.

WILNER, Chief Judge.

A person is entitled not to be twice placed in jeopardy for the same offense. That right, in Maryland, derives from two different sources—the Fifth Amendment to the United States Constitution, applicable to the States through the "due process" clause of the Fourteenth Amendment, and Maryland common law. For good or ill, unlike most due process rights finding expression in both Federal and Maryland law, the respective prohibitions against double jeopardy are not entirely synonymous, at least in application. This appeal concerns, and hinges upon, one divergence between the State and Federal provisions.

Appellant was charged in a five-count Criminal Information with possession of cocaine in sufficient quantity to

indicate an intent to distribute the substance (Count 1), simple possession of cocaine (Count 2), possession of paraphernalia (Count 3), maintaining a nuisance (a house used for the distribution of cocaine) (Count 4), and carrying a firearm in relation to drug trafficking (Count 5). In January, 1991, he was brought to trial in the Circuit Court for Baltimore City on all five charges. The jury convicted him on Counts 2 and 3, acquitted him on Count 5, and was unable to reach a verdict on Counts 1 and 4. A mistrial was declared as to those counts.

After rendition of the verdicts, appellant moved the court to enter an acquittal on Count 1. In an accompanying memorandum, he argued that:

"At a retrial of the first count on possession with the intent to distribute, the second trial judge cannot submit to the second jury a lesser and included count, since the first jury has already convicted on it. To do so would subject the Defendant to, two possession of cocaine charges for the same transaction. Conversely, the Defendant is entitled by law to a lesser and included instruction, if tried over the objection of his counsel on double jeopardy grounds, which cannot be a part of the second trial. In short, the court can fashion no remedy in the second trial on this issue without creating substantial and irreversible practical and double jeopardy problems."

The court recognized that "[t]here is a problematic aspect." In particular, it observed, as a matter of "common sense," that "if defendant is convicted of Count 1, he cannot be sentenced on both Count 1 and Count 2 in separate judgments." Nonetheless, despite that recognition, the court not only denied the motion for judgment of acquittal on Count 1, but proceeded to impose sentence on Counts 2 and 3, even before appellant was retried on Count 1. On Count 2, appellant was sentenced to four years in prison, with all but 18 months suspended; on Count 3, he was given three years probation.

The State, it appears, never sought a retrial on Count 4, but it did bring him to trial again on Count 1. Just before

trial, appellant moved to dismiss that charge, essentially on the same ground he argued in his motion for judgment of acquittal. The court, through a different judge, also recognized a problem, but denied the motion. Appellant then entered an *Alford* plea, was convicted, and was sentenced on Count 1 to four years in prison, all but 18 months suspended, to run concurrently with the sentence previously imposed on Count 2.

In this appeal, appellant, while remaining within the double jeopardy ballpark, shifts to a different side of the field. He is no longer concerned about jury instructions, but urges that, because Count 2 (simple possession) is a lesser offense included within Count 1 (possession with intent to distribute), they are the "same offense" for double jeopardy purposes, and that, by virtue of his earlier conviction and sentence on Count 2, he could not properly be retried on Count 1. The branch of double jeopardy he invokes is *autrefois convict*, and to support his argument, he relies on *Middleton v. State*, 318 Md. 749, 569 A.2d 1276 (1990). The State, in response, attempts to distinguish *Middleton*, relies more on our recent Opinion in *Mauk v. State*, 91 Md.App. 456, 605 A.2d 157 (1992), and urges that any problem with respect to multiple sentences was waived by appellant's failure to raise that issue at his sentencing hearing.

■ We do not accept the State's waiver argument. Though not articulating precisely the same argument now raised by him, appellant made clear to the circuit court his view that, by virtue of his conviction on Count 2, retrial on Count 1 would place him twice in jeopardy for the same offense. Equally important, the judge who imposed sentence on Count 2 seemed expressly to recognize the double jeopardy problem arising from imposing sentence on both Count 1 and Count 2. The issue, therefore, was raised in and considered by the trial court.

■ In *Mauk v. State, supra,* 91 Md.App. 456, 605 A.2d 157, we recognized that, because possession with intent to distribute subsumes within it simple possession, the two

offenses constitute the "same offense" for double jeopardy purposes. We then considered the effect of that in three different double jeopardy situational contexts—multiple punishment, sequential jeopardy, and continuing jeopardy. With respect to the first of these, we concluded, at 470, 605 A.2d 157, that "the mere possibility of multiple punishment will not bar a second trial or a second conviction." That aspect of double jeopardy is satisfied if the defendant does not receive any additional sentence following conviction at a second trial. Appellant makes no complaint in this appeal that the sentence imposed upon his ultimate conviction on Count 1 was improper. His complaint, rather, goes to the question of sequential or continuing jeopardy.

In *Mauk*, as here, the defendant was convicted of the lesser included offense of simple possession, but the jury hung on the greater inclusive offense of possession with intent to distribute. As here, the judge declared a mistrial on the greater offense but proceeded to impose sentence on the lesser offense. As here, Mauk moved, unsuccessfully, to have the greater offense dismissed on double jeopardy grounds. Unlike here, Mauk appealed the denial of his motion prior to retrial on the greater offense, a fact that we find is without significance.

Our consideration of Mauk's argument and the State's response was limited to the Constitutional strand of double jeopardy. We did not address the question in terms of Maryland common law. Based largely on *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), and a number of decisions in the courts of other States, we concluded, at 484, that "a retrial on a greater, inclusive offense, following a declaration of mistrial because of a hung jury, is not barred by double jeopardy principles notwithstanding the fact that a guilty verdict was accepted and a sentence imposed with respect to a lesser, included offense."

In *Middleton v. State, supra,* 318 Md. 749, 569 A.2d 1276, the Court of Appeals took a very different view based strictly on Maryland common law. Middleton was charged with a variety of offenses, including first and second degree rape, attempted first degree sexual offense, and use of a handgun in the commission of a felony. The jury convicted of both first and second degree rape as well as the attempted sexual offense, but acquitted him on the handgun charge. The judge vacated the verdict as to the first degree rape, apparently on the ground that, as the only element raising the rape to first degree was the alleged use of a handgun in the commission of the rape, the acquittal on the handgun charge created an inconsistency in the two verdicts. He then imposed a 15–year sentence on the second degree conviction and, effectively, an additional five-year sentence on the attempted sexual offense.

The case thereafter took on some unfortunate procedural twists. Upon a request for clarification, the judge declared that his intent in vacating the verdict was to have the first degree rape charge retried, believing that, if Middleton were convicted, the "remaining" counts—presumably, the second degree rape—would merge for purposes of sentencing. The State then moved for reconsideration, asking the court to reinstate the guilty verdict on the first degree rape. While that motion was pending, Middleton appealed the judgments entered on the second degree rape and the attempted sexual offense. This Court affirmed and the Court of Appeals denied *certiorari.* While the appeal was pending, the trial court, over Middleton's objection, reinstated the verdict on first degree rape and imposed a sentence of 15 years, to run concurrently with the sentence previously imposed on the second degree rape. Middleton appealed.

In considering the double jeopardy claims made by Middleton in his second appeal, the Court of Appeals expressly declared that its decision was based "exclusively on Maryland common law." 318 Md. at 756, 569 A.2d 1276. Upon finding that first and second degree rape constitute the "same offense" for double jeopardy purposes (as do the two

offenses at issue here), the Court declared that the ultimate result violated two branches of that doctrine—the principle embodied in the plea of *autrefois convict* and the bar against multiple punishments. In both cases, the Court made clear, what caused the violation was the imposition of sentence on the second degree rape verdict.

The Court introduced its concern arising from the imposition of sentence on the lesser charge in a footnote. In commenting on the judge's initial view that, if the first degree rape charge were retried and Middleton were convicted the lesser counts would then merge, the Court observed, at 754 n. 3, 569 A.2d 1276, that "there is no indication in the record that either party raised the question of how it was possible to have a new trial on the count charging first degree rape, where a final judgment, including a prison sentence, had been imposed for second degree rape." The Court expounded further on that in its discussion of the claim of *autrefois convict.* At 759–60, 569 A.2d 1276, it stated:

> "Our decisions have repeatedly pointed out that the rendition of sentence or other sanction, upon a verdict of guilty of a particular offense, constitutes a final judgment in the criminal prosecution for that offense.... Consequently, when the trial court imposed and entered the fifteen year sentence for second degree rape, there was a final judgment for that offense.
>
> Moreover, as there was neither a sentence nor even an extant guilty verdict for the first degree rape at the time the trial court imposed the sentence for second degree rape, and as first degree and second degree rape constitute the same offense, the imposition of the fifteen year sentence for second degree rape amounted to a final judgment for the offense of rape which had been charged in counts one and two of the indictment. The subsequent hearing and reinstatement of the guilty verdict, and sentence for first degree rape, ignored the finality of the judgment which had previously been rendered. Under the circumstances of this case, the proceedings and sec-

ond fifteen year sentence, following the earlier final judgment of conviction for the same offense, were barred under the principle of *autrefois convict.*"

(Citations omitted.)

Apart from that analysis and holding, the Court concluded that the sentence imposed on the first degree rape, even though concurrent with that imposed on the second degree conviction, also violated the bar against multiple sentences. At 760, 569 A.2d 1276, it stated: "We have repeatedly held that separate sentences, even if concurrent, for a greater and lesser included offense, based on the same act or transaction, are normally prohibited."

It appears that the conclusions reached by the Court with respect to *autrefois convict,* as a matter of common law, are not consistent with those reached by the Supreme Court under a Fifth Amendment analysis. In *Ohio v. Johnson, supra,* 467 U.S. 493, 104 S.Ct. 2536, the defendant had been charged, among other things, with murder, manslaughter, robbery, and theft. Under Ohio law, manslaughter was regarded as a lesser offense included within murder, and theft, similarly, was treated as a lesser offense included within robbery. The defendant persuaded a trial court to accept his pleas of guilty to manslaughter and theft, and he was sentenced on those convictions. The court then, on double jeopardy grounds, barred further prosecution of the greater offenses, a decision upheld by the Ohio appellate court. The Supreme Court reversed, rejecting Johnson's dual claims that further prosecution on the greater offenses would violate both the doctrine of *autrefois convict* and the bar against multiple punishments.

With respect to *autrefois convict,* the Court stated, at 501, 104 S.Ct. at 2542:

"Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt *and punishment* on one count of a multicount

indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. We have never held that, and decline to hold it now."

(Emphasis added.)

As to the multiple sentence argument, the Court observed, at 500, 104 S.Ct. at 2541, that the argument was premature:

"Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses, that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution."

*Ohio v. Johnson*, we believe, supports the view we took in *Mauk* that, as a matter of Fifth/Fourteenth Amendment double jeopardy law, a judgment entered on a lesser included offense charged in the same indictment as a greater inclusive offense does not preclude further prosecution of the greater offense when the jury is unable to reach a verdict on that offense. In *Middleton*, however, the Court of Appeals made no clear determination as to the meaning of *Ohio v. Johnson* in this context, but chose instead to announce and apply a different rule as a matter of Maryland common law. As that rule is more favorable to defendants and is therefore not precluded by the Constitutional principles formulated by the Supreme Court, it is the one that effectively binds us and the trial courts of this State. Under *Middleton*, as noted, further prosecution of the greater offense *is* barred when sentence is imposed (and

thus judgment is entered) on the lesser included offense.[1]

*It is important that trial judges fully understand the effect of Middleton and, when faced with this kind of situation, unless there are exceptional circumstances requiring a different course, that they defer imposing sentence on the lesser included offenses until the greater offense is retried or the State abandons the prosecution.*

JUDGMENT ON COUNT 1 REVERSED; MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS.

---

1.  We do not suggest that *Ohio v. Johnson* has no further application in Maryland. We hold only that, in the circumstances of this case, *Middleton* controls.