622 A.2d 155

**Cortez Dion HUNT**

v.

**STATE of Maryland.**

**No. 636, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

April 1, 1993.

---

472

Sherrie B. Glasser, Asst. Public Defender, submitted (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Gary E. Bair, Asst. Atty. Gen., Baltimore, submitted (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellee.

Submitted before MOYLAN, ALPERT and ROSALYN B. BELL, JJ.

ALPERT, Judge.

Appellant, Cortez Dion Hunt, was charged in the Circuit Court for Montgomery County on two drug-related offenses, (1) possession of cocaine, and (2) possession with intent to distribute cocaine. The jury convicted appellant on the simple possession count, but was unable to reach a verdict on the possession with intent to distribute count.

As a result, a mistrial was declared on the distribution count and a retrial was subsequently scheduled for April 21, 1992.

The sentencing hearing for the simple possession count was scheduled for January 29, 1992. At the hearing, the State moved to postpone the sentencing until after appellant has been retried on the distribution count. Defense counsel objected to the motion and insisted that appellant be sentenced that day. The parties acknowledged that, if retrial resulted in conviction, a sentence on the distribution count would be greater than the one imposed for simple possession. Nevertheless, defense counsel continued to request the court to sentence appellant immediately on the possession count, and in so doing, explicitly acknowledged that a subsequent conviction on the distribution charge would necessitate a separate sentence. The court denied the State's request for postponement and sentenced the appellant to twelve months incarceration with credit for time served.

On April 21, 1992, the date on which appellant was to be retried, defense counsel moved to dismiss the distribution charge on the ground that retrial was barred by double jeopardy law. The trial court denied Appellant's request, whereupon appellant filed this timely appeal. The sole issue before us is whether the trial court erred in denying appellant's motion to dismiss the retrial. Stated more specifically, was appellant's retrial on the charge of possession with intent to distribute cocaine barred under the double jeopardy prohibition against multiple punishments for the same offense so as to mandate a dismissal and thus bar the retrial?

We respond in the negative and therefore affirm.

I.   Maryland common law versus Fifth Amendment

The prohibition against placing an accused twice in jeopardy for the same offense is rooted in both Maryland common law and the Fifth Amendment to the United States Constitution as applied to the States through the Four-

teenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The complexity of deciphering double jeopardy issues often hinges on the different interpretations given to the common law versus those given to the Fifth Amendment. In a recent decision we noted,

> In *Middleton* [*v. State,* 318 Md. 749, 569 A.2d 1276 (1990)]. ... the Court of Appeals made no clear determination as to the meaning of *Ohio v. Johnson*[, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984)] in [the] context [of double jeopardy law], but chose instead to announce and apply a different rule as a matter of Maryland common law. As that rule is more favorable to defendants and is therefore not precluded by the Constitutional principles formulated by the Supreme Court, it is the one that effectively binds us and the trial courts of this State.

*Griffiths v. State,* 93 Md.App. 125, 133, 611 A.2d 1025 (1992).[1]

Under the Double Jeopardy clause of the Fifth Amendment, when an individual is indicted on two offenses, one being a lesser-included offense of the other, and the jury is hopelessly deadlocked as to the greater offense but has entered a judgment on the lesser-included offense, the government is *not* precluded from prosecuting the greater offense. *Ohio v. Johnson,* 467 U.S. at 497–502, 104 S.Ct. at 2539–2543. Under Maryland common law, however, the state *is* precluded from further prosecution. *Middleton,* 318 Md. at 760, 569 A.2d 1276.

## II. Appellant's Arguments

Appellant relies on the distinction between the Maryland common law and U.S. Constitutional law as support for barring the retrial in his case. Appellant was charged with

---

1. *Griffiths* functionally overrules *Mauk v. State,* 91 Md.App. 456, 605 A.2d 157 (1992), whenever a defendant pleads "double jeopardy" under the Maryland common law.

possession of cocaine and possession with intent to distribute cocaine. He argues (1) that possession of cocaine is a lesser-included offense of possession with intent to distribute, and (2) that he was convicted and sentenced on the possession charge, with the jury deadlocked as to the intent to distribute charge; therefore, Maryland common law bars the State from prosecuting him on the greater offense. At first blush, it appears that Maryland authority on this issue, *Middleton* and *Griffiths*, uphold appellant's syllogism, especially given the following statement from *Griffiths:*

> It is important that trial judges fully understand the effect of *Middleton* and, when faced with this kind of situation, *unless there are exceptional circumstances requiring a different course*, that they defer imposing sentence on the lesser included offenses until the greater offense is retried or the State abandons the prosecution.

93 Md.App. at 134, 611 A.2d 1025 (most emphasis deleted).

■ If the facts of this case were as simple as appellant portrays them, he would be accurate in his conclusion. He is correct that we are applying Maryland common law and not the Fifth Amendment. He is also correct in his analysis and interpretation of the Maryland common law. He fails, however, to recognize the significance of the "exceptional circumstances" in this particular case which not only distinguish it from those cases he cites, *but preclude him from successfully asserting double jeopardy as a defense at all.* By requesting, over the State's motion for postponement, that he be sentenced before his retrial, appellant has waived any rights he may have had to raise the defense of double jeopardy.

## III. Waiver

■ The right not to be twice put in jeopardy is a personal right that may be waived. *See, e.g., U.S. v. Scott,* 464 F.2d 832, 833 (D.C.Cir.1972). The theory of waiver has been asserted and upheld by the United States Supreme Court, the Court of Appeals of Maryland, and the various Circuits. The Supreme Court in *Brown v. Ohio,* 432 U.S.

161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), established the general rule that the Fifth Amendment's double jeopardy clause prohibits the government from trying an accused for a greater offense after it has convicted him of a lesser-included offense. *Id.* at 164–170, 97 S.Ct. at 2224–2228. There are exceptions, however. These exceptions were noted in *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), another Supreme Court decision decided the same day as *Brown.* In *Jeffers,* the Court noted,

> One commonly recognized exception is when all the events necessary to the greater crime have not taken place at the time the prosecution for the lesser is begun. This exception may also apply when the facts necessary to the greater were not discovered despite the exercise of due diligence before the first trial.

> If the defendant expressly asks for separate trials on the greater and the lesser offenses, or, in connection with his opposition to trial together, fails to raise the issue that one offense might be a lesser included offense of the other, another exception to the *Brown* rule emerges. This situation is no different from others in which a defendant enjoys protection under the Double Jeopardy Clause, but for one reason or another retrial is not barred. Thus, for example, in the case of a retrial after a successful appeal from a conviction, the concept of continuing jeopardy on the offense for which the defendant was convicted applies, thereby making retrial on that offense permissible. *See Price v. Georgia,* 398 U.S. 323 [90 S.Ct. 1757, 26 L.Ed.2d 300] (1970); *Green v. United States,* 355 U.S. 184 [78 S.Ct. 221, 2 L.Ed.2d 199] (1957); *United States v. Ball,* 163 U.S. 662 [16 S.Ct. 1192, 41 L.Ed. 300] (1896). In a slightly different context, the defendant's right to have the need for a retrial measured by the strict "manifest necessity" standard of *United States v. Perez,* [22 U.S.] 9 Wheat. 579 [6 L.Ed. 165 (1824)], does not exist if the mistrial was granted at the defendant's request.... *Similarly, although a defen-*

*dant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election."*

*Id.* 432 U.S. at 151–52, 97 S.Ct. at 2216–2217 (emphasis added; other citations omitted).

██ The facts in *Jeffers* may be summarized briefly. Jeffers was charged in two separate indictments with (1) conspiracy with others to distribute heroin and cocaine and (2) conducting a continuing criminal enterprise to violate the drug laws. Jeffers opposed the government's motion to consolidate the indictments and, subsequently, the trial court denied the government's motion. Accordingly, Jeffers was first tried and convicted on the conspiracy charge and the conviction thereon was affirmed. He then moved to dismiss the other charge on "double jeopardy" grounds, which motion was denied, and thereafter he was subsequently tried and convicted on the second charge as well. The Supreme Court held that when the defendant is solely responsible for successive prosecutions, his actions deprive him of the protection of the double jeopardy clause.

Similarly, in the instant case, had the defendant not been sentenced before the retrial, the defendant would not have a double jeopardy claim because the prosecutions would have been continuing in nature, rather that successive. But, when appellant herein requested to be sentenced prior to his retrial, *he (and not the State) was solely responsible for creating the double jeopardy situation.* Appellant now claims that a retrial is barred under the double jeopardy prohibition against multiple punishments for the same offense, but appellant cannot have it both ways. He cannot create the double jeopardy situation and then assert it as a defense.

While we note that *Jeffers* interpreted the Fifth Amendment double jeopardy clause, rather than Maryland common

law, Maryland law does not prohibit, *but in fact supports*, the waiver analysis.

In *Parks v. State*, 287 Md. 11, 410 A.2d 597 (1980), the Court of Appeals held that "the defendant cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to a subsequent jeopardy." *Id.* at 19, 410 A.2d 597. In that case, the defendant was an inmate at the Maryland Correctional Camp Center. He escaped and a detainer was lodged against him. He subsequently filed a Request for Disposition of Intrastate Detainer, which, pursuant to Maryland law, required that he be tried within 120 days after receipt of his request. The defendant was not tried until the 124th day, and, accordingly, he moved to dismiss the indictment because of the delay. The motion was denied and, thereafter, the defendant was convicted. After Parks successfully appealed to the Court of Special Appeals, the circuit court, pursuant to our decision, dismissed the indictment. The State subsequently indicted Parks again on the same offense to which the defendant asserted double jeopardy. The circuit court denied Parks' motion, we affirmed, as did the Court of Appeals, the latter holding that there was no double jeopardy violation because one cannot be responsible for avoiding the former jeopardy and then assert double jeopardy. *Id.* at 19, 410 A.2d 597. While this case is in essence the exact opposite of ours, it stands for the proposition that one is not entitled to have it both ways.

The United States Circuit Court of Appeals, in *United States v. Edmond*, 924 F.2d 261 (D.C.Cir.1991), noted that double jeopardy law is to protect citizens from governmental overreaching. In *Edmond*, the defendant successfully moved to sever counts in a multi-count indictment, thereby forcing the government to try him twice. The first trial was for conspiracy, the second trial was for murder allegedly committed in the furtherance of the conspiracy. The question before the court was whether the Fifth Amendment's double jeopardy clause barred the government in the second trial from asserting that defendant's participation in

the conspiracy rendered him guilty of the murder. Although uncomfortable using the word "waiver," the court, in rejecting defendant's double jeopardy argument, set forth a similar rationale, holding that

[n]othing constrained Edmond to move for a severance of counts except the hope of gaining some tactical advantage. When his motion succeeded, it was not the government who, in the language of the Double Jeopardy Clause, caused Edmond 'to be twice put in jeopardy.' Edmond did this to himself.

*Id.* at 270.

Similarly, in *Boze v. State*, 514 N.E.2d 275 (Ind.1987), the defendant argued that the State was barred from prosecuting him for murder because he plead guilty to a lesser-included offense of battery. The Supreme Court of Indiana held, "Where the defendant has an active hand in arranging the disposition of the causes so he might benefit from the results, he waives any double jeopardy claims." *Id.* at 277.

## IV. Conclusion

The policy behind the prohibition against putting a person twice in jeopardy for the same offense is to protect citizens from governmental overreaching; it is *not* to give an accused a tactical advantage or loophole in which to avoid prosecution. Case law has held (1) that an accused, after a successful appeal, may not rely upon a plea of double jeopardy to bar a retrial, *Jeffers*, 432 U.S. at 153, 97 S.Ct. at 2217–2218; (2) that if the accused seeks and has two offenses tried separately, he may not successfully plead double jeopardy to bar the second trial, *Id.*; and (3) if the accused pleads guilty to a lesser offense included in a multicount charging document, he may not rely upon a double jeopardy defense to bar a trial on the greater offense. *See State v. Garner*, 90 Md.App. 392, 399, 601 A.2d 142 (1992), and *Apostoledes v. State*, 323 Md. 456, 467–69, 593 A.2d 1117 (1991). All of these situations share a common rationale: When an accused creates a situation for his or her own advantage, he or she may not later assert

double jeopardy to bar the necessary consequences of his or her actions. Thus, an accused should not be able to abuse, twist, and manipulate individual protections to serve his or her end. The prohibition against double jeopardy is to help the citizen who needs protection from the government—it is a defensive shield. It cannot be used as an affirmative strategic means to avoid prosecution. We agree with the lower court's decision to deny appellant's motion to dismiss and therefore affirm.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY AP-PELLANT.