# EDDIE MECHANIC *v.* STATE OF MARYLAND.
### [Nos. 7, 58, October Term, 1932.]

*Decided January 12th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Edward L. Ward,* with whom was *Joseph Allen* on the brief, for the appellant.

*G. C. A. Anderson, Assistant Attorney General,* and *Charles C. G. Evans, Assistant State's Attorney for Baltimore City,* with whom were *William Preston Lane, Jr., Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

The indictment in this case contained two counts. The first charged the defendant with the statutory crime of having had carnal knowledge of a named female who was then between the ages of fourteen and sixteen years. By the second count an assault and battery on the same female was charged. The trial before the lower court, sitting as a jury, resulted in a conviction and a sentence of three months' imprisonment in the Maryland House of Correction. The sentence was imposed on December 28th, 1931, but its execution was suspended until January 9th, 1932. An appeal was entered on the latter date to this court, although the record showed no rulings whatever which could be made the subject of appellate review. There had been no demurrer, motion, or objection of any kind by which a reviewable question was attempted to be raised. But subsequently, on April 1st, 1932, the defendant filed a motion to strike out the verdict and judgment. At the hearing on that motion certain testimony was produced, in regard to which several exceptions were reserved. The motion was overruled, and from that action a second appeal was entered. No reliance is placed in the appellant's brief on any of the evidence exceptions taken by him at the hearing on the motion.

The principal ground of the motion was that the statement of the trial judge in rendering the verdict was a conclusion indicating a merger of the two counts in the indictment, which, as argued for the defendant, could not be validly accomplished by the verdict because both counts charged misdemeanors. That contention is based upon the following

language used by the lower court after reviewing the evidence: "He had liquor there and he used it to debauch this girl, and I therefore find beyond a question of a doubt, and to a moral certainty, that he had intercourse with her when she was between the ages of fourteen and sixteen, which would be a verdict of guilty on the first count of the indictment, which count carries with it the assault count anyhow."

The docket entries show a general verdict of "Guilty." A notation of "V.—G. 1" on the back of the indictment was explained by the deputy clerk who made it as meaning a verdict of guilty on the first count. No question was raised as to the form of the verdict when it was announced by the court or until the lapse of more than three months after its rendition. The verdict was explicit in finding the defendant guilty of the crime charged in the first count of the indictment. The assault mentioned in the second count was impliedly involved in the charge of carnal knowledge of a girl below the age of consent. *Foxwell v. State,* 146 Md. 90, 125 A. 893. If the docket entry "guilty" correctly represented the verdict of the court sitting as a jury, it was sufficient to support the sentence imposed. *Manly v. State,* 7 Md. 135. A verdict of "guilty on the first count," according to the deputy clerk's notation on the indictment, would be equally efficacious, even upon the defendant's theory that the offenses charged in the two counts were not mergeable. *Hechter v. State,* 94 Md. 429, 50 A. 1041. In neither event could the defendant's long-delayed objection to the form of the verdict be sustained.

Another contention in support of the motion to strike out the judgment is that the defendant was not found guilty in sufficiently definite and certain terms, the court having added to the statement of its conclusion as to his guilt the words, "which would be a verdict on the first count. * * *" The use of the word "would" is said to have made the finding conditional and incomplete. There was evidently no doubt in the mind of the court as to the certainty and finality of the verdict. It was followed in due course by the imposition of the sentence, after a motion for a new trial had been made

and overruled. The context of the court's statement makes it clearly apparent that a definite and conclusive verdict was being rendered.

The remaining contention on appeal is that the decision of the trial judge on the issue in the case was shown by his oral opinion to have been influenced by a misconception of some of the evidence, by consideration of the facts in another case to which his opinion referred for the purposes of illustration, and by a conference with counsel for the State and defense, before the trial, in regard to an offer by the defendant to make a monetary settlement of the case, which the court declined to sanction. There is no merit in any of these objections.

As the first appeal must be dismissed because it raises no reviewable question (*Mayers v. State,* 150 Md. 698, 137 A. 915), there is no occasion to discuss another ground for dismissal upon which the appellant relies. The judgment will be affirmed with respect to the second appeal because the record presented by it shows no error.

*Appeal in No. 7 dismissed; order affirmed in No. 58. The costs of both appeals to be paid by the appellant.*