599 A.2d 444

**Frank Lonnie SCHRIMSHER**

v.

**STATE of Maryland.**

**No. 71, Sept. Term, 1991.**

Court of Appeals of Maryland.

Dec. 20, 1991.

Peter Ayers Wimbrow, III, Ocean City, for petitioner.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

RODOWSKY, Judge.

Petitioner, Frank Lonnie Schrimsher (Schrimsher), attempts to bootstrap his payment before trial of the preset fines for certain traffic violations into a double jeopardy bar to a prosecution for driving while intoxicated. The attempt will be unsuccessful. We explain.

On July 8, 1990, Schrimsher, while driving a motor vehicle in Worcester County, was stopped by a trooper of the Maryland State Police. On Maryland Uniform Complaint and Citation forms Schrimsher was charged with driving while intoxicated (DWI), in violation of Md.Code (1977, 1987 Repl.Vol., 1991 Cum.Supp.), § 21–902 of the Transportation Article (TA), with exceeding the speed limit in violation of TA § 21–801.1, and with failure to drive to the right of center in violation of TA § 21–301(a).[1] The three charges were set for trial on February 5, 1991. On the day of trial, before his case was called, Schrimsher paid the preset fines of $45 for speeding and of $35 for failure to drive to the right of center. Schrimsher then moved to dismiss the DWI charge on double jeopardy grounds. The District Court denied the motion, but apparently permitted Schrimsher to note an immediate de novo appeal to the Circuit Court for Worcester County from that denial. The Circuit Court for Worcester County denied the motion to dismiss. Schrimsher petitioned this Court for the writ of certiorari which we issued.

I

■ We have today held that there is no immediate appeal from the District Court to a circuit court from the

---

**1.** Citation J763516 charged speeding. Citation J763517 charged failure to drive to the right of center and referred to the "related citation," J763516. Citation J763518 charged DWI, including driving under the influence, and referred to the "related citation," J763517.

denial of a motion to dismiss, on double jeopardy grounds, a criminal charge pending in the District Court. *See Huff v. State*, 325 Md. 55, 599 A.2d 428 (1991). Accordingly, the Circuit Court for Worcester County had no appellate jurisdiction in this case.

## II

██ As we did in *Huff*, we express our views on the double jeopardy contention raised here, because of the recurring nature of the issue.

For at least two reasons, Schrimsher has not been subjected to a second prosecution following conviction for the same offense. First, there is but one prosecution of these multiple offenses. *See Huff*. Secondly, within this single prosecution, none of the multiple offenses is the same offense as any other. Driving while intoxicated does not require proof that the accused drove to the left of the center of the road or that the accused exceeded the speed limit. Neither driving to the left of the center of the road nor speeding requires proof that the accused was driving under the influence of alcohol. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Schrimsher submits that the foregoing analysis has been changed by *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), a prosecution by New York. In *Grady* the defendant, Corbin, initially had been charged with DWI and failing to keep to the right of center. He pleaded guilty to both and was sentenced. Two months later Corbin was indicted, *inter alia*, for reckless manslaughter and third degree reckless assault. By a bill of particulars, which was binding on the prosecution until amended, New York acknowledged that it would rely on the same conduct involved in the prior convictions. In *Grady* the Court held that double jeopardy barred the successive

prosecution because New York would "prove the entirety of the conduct for which Corbin was convicted—driving while intoxicated and failing to keep to the right of the median—to establish essential elements of the homicide and assault offenses." 495 U.S. at 523, 110 S.Ct. at 2094.

Schrimsher notes that driving an automobile is the common element in the three Maryland offenses with which he was charged. Schrimsher submits that, under *Grady*, that common element either makes all three offenses the same offense under *Blockburger*, or predicates the DWI prosecution on the same conduct as that for which he was previously convicted. But, the bare fact of driving an automobile does not constitute a crime. The prior conduct in *Grady* to which the Court referred was criminal conduct, specifically, driving while intoxicated and failing to keep to the right of the median. In any event, the criminally neutral circumstance of driving an automobile cannot be conduct giving rise to a double jeopardy bar within the meaning of *Grady*. In that case the Court specifically stated that its "holding would not bar a subsequent prosecution [of Corbin] on the homicide and assault charges if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (*i.e.*, if the State relied solely on Corbin's driving too fast in heavy rain to establish recklessness or negligence)." *Id.* at 523, 110 S.Ct. at 2094 (footnote omitted).

JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY VACATED. CASE REMANDED TO THAT COURT FOR THE ENTRY OF AN ORDER REMANDING THIS CAUSE TO THE DISTRICT COURT OF MARYLAND SITTING IN WORCESTER COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE CIRCUIT COURT FOR WORCESTER COUNTY TO BE PAID BY THE PETITIONER, FRANK LONNIE SCHRIMSHER.

ROBERT M. BELL, J., dissents.

ROBERT M. BELL, Judge, dissenting.

For the reasons set out in my dissenting opinion in *Huff v. State*, 325 Md. 55, 599 A.2d 428 (1991), I dissent from Part I of the majority opinion.