659 A.2d 876

**STATE of MARYLAND**

v.

**Dorin GRIFFITHS.**

**No. 145, Sept. Term, 1992.**

Court of Appeals of Maryland.

June 16, 1995.

486

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellant.

Arthur A. DeLano, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE *, CHASANOW, KARWACKI and BELL, JJ.

McAULIFFE, Judge.

As a result of a police raid that occurred on 26 June 1990, Dorin Griffiths was charged with five offenses by a criminal information filed in the Circuit Court for Baltimore City.[1] On 10 January 1991, a jury found the defendant guilty of possession of cocaine (count 2) and possession of controlled para-

---

* McAuliffe, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. By separate charging documents, consolidated for trial with the five-count bill of information, the defendant was also charged with obliterating the serial number of a pistol and unlawful importation of cocaine into the State. The jury found the defendant not guilty of both these offenses.

phernalia (count 3), and not guilty of the use of a firearm in the commission of a felony (count 5). The jurors were unable to reach a verdict on the charges of possession of cocaine with intent to distribute (count 1) and maintaining a common nuisance (count 4). Judge John Carroll Byrnes declared a mistrial as to those counts, and scheduled a date for sentencing on the two counts of which the defendant had been convicted. It does not appear from the record that either the defendant or the State interposed an objection, then or thereafter, to proceeding with sentencing on those counts. On 1 March 1991, after denying defendant's motion for a new trial and for the entry of a verdict of not guilty on count 1, Judge Byrnes imposed concurrent sentences of four years imprisonment, with all except 18 months suspended, and three years probation, on the two counts.

On 23 April 1991, the parties appeared before Judge Marvin B. Steinberg for retrial of counts 1 and 4. At that time the defendant moved to dismiss count 1, which charged possession of cocaine with intent to distribute. The defendant argued that "jeopardy in this particular case attached after the jury made its finding of guilty as to possession. . . ." Judge Steinberg denied the motion, after which the parties advised the judge they had agreed that the matter would proceed to trial on count 1 on an agreed statement of facts,[2] and if the defendant were found guilty Judge Steinberg would impose a sentence identical to that previously imposed by Judge Byrnes, to run concurrently with that sentence, and the State would nol pros count 4. After the State read the agreed statement of facts into evidence, Judge Steinberg found the defendant guilty of the charge of possession with intent to distribute and sentenced him accordingly.

The defendant appealed to the Court of Special Appeals, contending that constitutional and common law protections

---

2. The parties initially agreed to disposition by way of an "Alford" plea of guilty, but modified their agreement when the trial judge pointed out that the defendant could not preserve his right to appeal if he pled guilty.

against double jeopardy barred his subsequent prosecution and sentencing for the greater offense of possession of cocaine with intent to distribute after he had been convicted and sentenced on the lesser included offense of simple possession of the same cocaine. The Court of Special Appeals reversed the conviction of the greater offense, holding that 1) the Fifth Amendment protection against double jeopardy, applicable to the states through the Fourteenth Amendment, does not bar the conviction and sentence in this case, but that 2) this Court's decision in *Middleton v. State,* 318 Md. 749, 569 A.2d 1276 (1990), established a rule of common law double jeopardy that was applicable to the instant case and that precluded the subsequent prosecution. *Griffiths v. State,* 93 Md.App. 125, 133–34, 611 A.2d 1025 (1992). We granted the State's petition for certiorari, and we reverse.

## I.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person "shall ... be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause prohibits successive prosecution as well as cumulative punishment. *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977). Under the Maryland common law of double jeopardy, a defendant cannot be "put in jeopardy again for the same offense—in jeopardy of being convicted of a crime for which he had been acquitted; in jeopardy of being twice convicted and punished for the same crime." *Gianiny v. State,* 320 Md. 337, 347, 577 A.2d 795 (1990). A "greater offense is ... by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." *Brown v. Ohio, supra,* 432 U.S. at 168, 97 S.Ct. at 2227.

The defendant's argument has several prongs. First, he contends that because he has already been placed in jeopardy and subjected to one full trial on the charge of possession of cocaine with the intent to distribute, he may not again be tried for that offense. The well-established law is to

**490**

the contrary. Ordinarily, when a mistrial has been declared as the result of a manifest necessity or with the consent of the defendant, retrial of the same charge is not prohibited by the Double Jeopardy Clause.[3]  *Oregon v. Kennedy*, 456 U.S. 667, 671–72, 102 S.Ct. 2083, 2087–88, 72 L.Ed.2d 416 (1982). A hung jury is the "prototypical example" of manifest necessity for a mistrial.  *Id.* at 672, 102 S.Ct. at 2088.

■ Second, the defendant contends there is an additional factor present in his case that takes it out of the ordinary rule governing retrial after a mistrial, and that is the fact of his conviction and sentencing for the offense of simple possession of cocaine. He argues that the sentence imposed by Judge Byrnes, superimposed on the jury's verdict of guilt, constitutes a judgment of conviction of a lesser included offense, thereby barring a subsequent prosecution, conviction, or sentence for the greater offense of possession of cocaine with intent to distribute. He bases his argument on the constitutional protection of the Double Jeopardy Clause, and on the Maryland common law doctrine, originally raised by the plea of *autrefois convict*, that prohibits placing a defendant in jeopardy a second time when there has been a final judgment of conviction for the same offense.

There are at least two quite different ways in which a defendant may be convicted of a lesser included offense and thereafter face trial for a greater offense. The first involves separate proceedings resulting from charging documents filed at different times. We addressed just such a problem in *Gianiny v. State, supra,* 320 Md. at 339, 577 A.2d 795, where the defendant sought to bar the State from proceeding against him on a charge of manslaughter by automobile because he previously had a final judgment of conviction of negligent driving entered against him in a separate proceeding, and both

---

3.  An exception, not applicable to this case, exists when the conduct giving rise to a successful motion by a defendant for a mistrial "was intended to provoke the defendant into moving for a mistrial."  *Oregon v. Kennedy,* 456 U.S. 667, 679, 102 S.Ct. 2083, 2085, 72 L.Ed.2d 416 (1982).

charges related to the same occurrence. We held that negligent driving is a lesser included offense within the greater offense of manslaughter by automobile, *id.* at 343, 577 A.2d 795, and that as a result of the earlier final judgment of conviction of the lesser offense, arising from a separate proceeding and involving charges brought at an earlier time, the Double Jeopardy Clause of the Fifth Amendment and Maryland common law barred a subsequent prosecution for the greater offense. *Id.* at 347–48, 577 A.2d 795.

A second possible scenario involves a conviction of a lesser included offense that is one of several charges which were filed at the same time.[4] We recently addressed double jeopardy issues arising in that type of continuing prosecution case in *Middleton v. State, supra,* 318 Md. 749, 569 A.2d 1276, and in *Huff v. State,* 325 Md. 55, 599 A.2d 428, 599 A.2d 428 (1991).[5] We considered closely related double jeopardy issues in *Apostoledes v. State,* 323 Md. 456, 593 A.2d 1117 (1991).

A set of facts analytically similar to those of the instant case was presented by *Huff v. State, supra.* In *Huff,* the defendant was charged with multiple offenses arising out of a fatal motor vehicle accident. Although the charges were contained in two different charging documents, they were issued at one time and pursuant to a single application for charges. The defendant secured a final judgment of conviction on a lesser charge of negligent driving by paying a preset fine, and then moved to dismiss the greater charges of manslaughter by automobile and homicide by motor vehicle while intoxicated. The motion was denied. Although the procedural posture of the case prevented us from ruling directly on the correctness of this holding, we expressed our views because of the importance of the question and the recurring nature of the issue.

---

4. We need not here address additional similar factual scenarios such as multiple charges arising out of the same criminal transaction that are filed at separate times but consolidated for trial prior to disposition of any of the charges.

5. *See also Schrimsher v. State,* 325 Md. 88, 599 A.2d 444 (1991).

When sentence was imposed on the lesser included offense in *Huff,* no disposition, implicit or otherwise, had been made of the greater charges. The judgment of conviction on the lesser count did not dispose of the open counts. A subsequent trial of the greater counts involved no more than a permitted step in a continuous prosecution that had not been completed. Drawing on the teachings of the Supreme Court in *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), we concluded that the continued prosecution of the greater charges offended neither the constitutional nor the common law prohibitions against double jeopardy. *Huff v. State, supra,* 325 Md. at 76–77, 599 A.2d 428.

The Supreme Court, in rejecting the defendant's claim of double jeopardy in *Ohio v. Johnson, supra,* pointed out that the charges were embraced within a single prosecution. The Court said:

> The grand jury returned a single indictment, and all four charges were embraced within a single prosecution. Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. We have never held that, and decline to hold it now.

*Id.,* 467 U.S. at 501, 104 S.Ct. at 2541–42. Drawing on an earlier case, the Supreme Court said:

> We think this is an even clearer case than *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), where we rejected a defendant's claim of double jeopardy based upon a guilty verdict in the first of two successive prosecutions, when the defendant had been responsible for insisting that there be separate rather than consolidated trials.

*Id.* at 502. The Court in *Jeffers* concluded that:

> Both the trial after the appeal and the trial after the mistrial are, in a sense, a second prosecution for the same

offense, but, in both situations, the policy behind the Double Jeopardy Clause does not require prohibition of the second trial.

*Jeffers v. United States,* 432 U.S. 137, 152, 97 S.Ct. 2207, 2217, 53 L.Ed.2d 168 (1977).

Although the State in the case before us did not object to the sentencing of the defendant on the lesser offense before retrial of the greater, neither did it initiate or request that procedure. The sentencing occurred because the trial judge, apparently acting reflexively upon the receipt of some verdicts of guilt, scheduled a sentencing proceeding. Neither party objected to proceeding in this manner. Although the Supreme Court in *Ohio v. Johnson* commented on the State's objection in that case to the imposition of sentences before adjudication of all charges, we observed in *Huff* that "[t]he opposition of the State, however, to the guilty plea in *Ohio v. Johnson* was coincidental, and not critical, to the Court's rationale...." *Huff v. State, supra,* 325 Md. at 76, 599 A.2d 428. We persist in that belief.

## II.

In determining that the conviction of a lesser offense and imposition of sentence thereon did not bar continued prosecution for the greater offense, the Supreme Court acknowledged the potential for improper imposition of multiple punishments if a conviction resulted. The Court assumed, however, that subsequent curative action could be taken by the state trial court to remedy that problem.

Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses, that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishment for convictions for the same offense, the Clause does not prohibit

the State from prosecuting respondent for such multiple offenses in a single prosecution.

*Ohio v. Johnson, supra,* 467 U.S. at 500, 104 S.Ct. at 2541.

We must now address the problem of cumulative punishment that was mentioned in *Ohio v. Johnson,* because a subsequent conviction has occurred in this case and a separate sentence has been imposed in connection with the greater offense. This defendant stands convicted of the lesser offense of possession of cocaine and the greater offense of possession of the same cocaine with intent to distribute, and separate sentences have been imposed on each conviction. Although the sentences are identical and concurrent, we have held that the imposition of concurrent sentences may constitute cumulative punishment.[6] *Newton v. State,* 280 Md. 260, 265, 373 A.2d 262 (1977).

As the Supreme Court has noted, the Double Jeopardy Clause affords a defendant three basic protections.

'[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'

*Brown v. Ohio, supra,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969). We have previously determined that under the circumstances of this case there was no constitutional or common law prohibition against a second prosecution, unless that procedure results in multiple sentences for the same offense. The defendant argues that the prohibition against multiple punishments should have served as a bar to the prosecution of the greater offense. He posits that the earlier sentence imposed on the lesser offense

---

6. We need not here consider whether under Maryland law a second conviction for a greater offense resulting only in the imposition of a fine that when added to a fine earlier imposed for a lesser offense does not exceed the maximum fine permitted by law would constitute impermissible cumulative punishment. The Supreme Court has held that under federal law it would not. *Jeffers v. United States,* 432 U.S. 137, 157–58, 97 S.Ct. 2207, 2219–20, 53 L.Ed.2d 168 (1977).

resulted in a final judgment of conviction; that the time had expired for any further action with respect to that judgment of conviction; and that as a result, neither the trial court nor this Court has any authority to vacate the judgment of conviction on that count. Because this is so, the defendant argues, any sentence imposed on the greater offense necessarily results in multiple punishments and multiple convictions for the same offense, and that is prohibited.

We considered a similar argument in *Middleton v. State*, *supra*. The facts of *Middleton* were unusual; indeed we described the case as involving "peculiar circumstances." 318 Md. at 761, 569 A.2d 1276. In that case a jury convicted the defendant of four of seven offenses submitted to it, including convictions of first degree rape and second degree rape. The jury found the defendant not guilty of the remaining three charges, which included a charge of use of a handgun in the commission of a felony. The defendant filed timely motions for a new trial, and to strike the finding of guilt of first degree rape contending, among other things, that the finding of guilt of first degree rape was inconsistent with the not guilty finding rendered on the use of a handgun charge. The trial judge granted the motion to strike the verdict of guilt as to first degree rape, and denied the motion for a new trial. A dispute later arose as to whether the trial judge intended to deny the motion for a new trial entirely, or to grant a new trial as to the first degree rape charge. The trial judge proceeded to sentence the defendant on the second degree rape conviction, and on a related charge. He declared that the remaining counts of which the defendant had been found guilty merged for the purpose of sentencing. Five days after sentencing, the State filed a motion for reconsideration, which sought reinstatement of the original guilty verdict for the first degree rape. While that motion was pending, the defendant appealed from the judgments of conviction earlier entered by the court. Those judgments were eventually affirmed by the Court of Special Appeals.

After the notice of appeal was filed, the circuit court granted the State's motion for reinstatement of the guilty verdict on

the count charging first degree rape. The defendant moved to dismiss the first degree rape charge, but that motion was denied and the defendant was sentenced on the reinstated verdict. The defendant appealed from that judgment, and the Court of Special Appeals, by a divided court, affirmed. *Middleton v. State*, 76 Md.App. 402, 545 A.2d 103 (1988). This Court reversed, holding that the finality of the earlier judgment of conviction of the lesser offense precluded any possibility of vacating the sentence imposed on that offense, and that as a result no additional sentence could lawfully be imposed on the greater offense, and therefore no retrial could be had as to the greater offense.

In *Middleton*, this Court was not asked to, and did not, consider the possibility that the sentence on the earlier judgment of conviction might properly be vacated by the trial judge under the authority of Maryland Rule 4–345(a), thereby eliminating the problem of multiple convictions and punishments for the same offense. We now consider, and accept, that argument.

Rule 4–345(a) provides that "The court may correct an illegal sentence at any time." This Rule creates a limited exception to the general rule of finality, and sanctions a method of opening a judgment otherwise final and beyond the reach of the court. *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985); *Coles v. State*, 290 Md. 296, 429 A.2d 1029 (1981). Rule 4–345(a) does not preclude action by the trial court on its own initiative,[7] and we have in the past *ex mero motu* directed the trial court to correct an illegal sentence upon remand. *Boyd v. State*, 321 Md. 69, 73–74 n. 2, 581 A.2d 1 (1990).

In the instant case, the imposition of sentence on the greater offense had the effect of rendering the sentence on the lesser offense illegal as a cumulative sentence prohibited by

---

7. Compare the language of Maryland Rule 2–501(a), requiring a motion by a party as a condition to the granting of relief under the Rule. See *Hartford Ins. Co. v. Manor Inn*, 335 Md. 135, 642 A.2d 219 (1994).

double jeopardy protections. The trial judge had the authority to vacate, and should have vacated, the sentence on the lesser offense immediately after imposing sentence on the greater offense, thereby avoiding multiple punishments for the same offense. Vacating the sentence imposed on the lesser offense also operates to vacate the judgment of conviction, thereby relieving the defendant of what would otherwise constitute multiple convictions for the same offense. Because the illegal sentence can be corrected at any time, the trial judge continues to have the authority to take that action upon remand, and we direct that he do so.[8]

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY ON COUNT ONE, AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR THE PURPOSE OF VACATING THE SENTENCE AS TO COUNT TWO; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE DEFENDANT, DORIN GRIFFITHS.*

Dissenting Opinion by ELDRIDGE, J., in which BELL, J., joins.

ELDRIDGE, Judge, dissenting:

The Court of Special Appeals held that the present case was controlled by this Court's decision in *Middleton v. State,* 318 Md. 749, 569 A.2d 1276 (1990), and that the Maryland common law principles set forth in *Middleton* required a reversal of the judgment on count one charging possession of cocaine with

---

8. In view of our holding that Maryland Rule 4–345(a) provides an adequate existing procedure for vacating the sentence imposed on the lesser offense, we need not consider whether the constitutional imperative to prevent multiple punishments would mandate *vacatur* of the sentence even in the absence of a state procedure specifically authorizing that action. Cf. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (state rules in some instances must give way to greater constitutional requirements).

intent to distribute. The Court of Special Appeals also expressed the view that the Maryland common law principles set forth in *Middleton* "are not consistent with" the views expressed by the Supreme Court in *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), which dealt with the Double Jeopardy Clause of the Fifth Amendment. *See Griffiths v. State,* 93 Md.App. 125, 132, 611 A.2d 1025, 1029 (1992).

The majority of this Court today distinguishes *Middleton* and reverses the decision of the Court of Special Appeals, employing a theory which had never been raised by either party or by either court below, which is not supported by any prior Maryland case, and which, to the best of my knowledge, is not supported by any authority elsewhere. The majority's theory appears to be another one of those appellate contrivances designed to reach a result desired by the Court in a particular case.[1]

I fully agree with the judgment of the Court of Special Appeals and with the intermediate appellate court's holding that the present case is controlled by this Court's opinion in *Middleton v. State, supra.* I disagree with the Court of Special Appeals' view that there is any inconsistency between our *Middleton* opinion and *Ohio v. Johnson, supra.* In addition, I cannot agree with the inventive theory which the majority uses to distinguish *Middleton* and to reverse the judgment of the Court of Special Appeals.

## I.

This Court's holding in *Middleton v. State* was based entirely on Maryland common law principles. In particular, the *Middleton* decision was based on the interaction of Maryland law as to when there is a final judgment in a criminal prosecution and Maryland common law double jeopardy principles. Those same principles of Maryland law are fully

---

1. *Cf. Cardinell v. State,* 335 Md. 381, 386–398, 644 A.2d 11, 13–19 (1994).

applicable to the present case and mandate an affirmance of the Court of Special Appeals' judgment.

Both the instant case and *Middleton v. State* involve the scenario of a defendant who is expressly charged in a multi-count charging document with both a greater and a lesser included offense (*i.e.,* first degree rape and second degree rape in *Middleton,* and possession of cocaine with intent to distribute and simple possession of cocaine in *Griffiths*), is convicted after a full trial *and sentenced* for the lesser included offense, and faces retrial for the greater offense because of a grant of a mistrial or a new trial. In *Middleton,* the defendant was indicted for first degree rape (count one), second degree rape (count two), use of a handgun in the commission of a felony or crime of violence (count three), first degree sexual offense (count four), second degree sexual offense (count five), attempted first degree sexual offense (count six), attempted second degree sexual offense (count seven), and battery (count eight). The jury found Middleton guilty on counts one, two, six and seven and acquitted him on counts three, four and five.[2] Middleton filed a motion for a new trial and a motion to strike the guilty verdict on count one, arguing that there was an inconsistency between the verdict on count one and the verdict on count three. At the hearing on the motions, after arguments from both sides concerning alleged inconsistent jury verdicts, the trial judge denied an entire new trial, and then stated: "I grant your motion as to the 1st Degree Rape Charge." 318 Md. at 753, 569 A.2d at 1278. Immediately thereafter at the hearing, a dispute arose as to what the trial judge meant when he said "I grant your motion" etc. The trial judge ruled that the court "had merely vacated the guilty verdict for first degree rape because of inconsistency, had awarded a new trial as to that count, but had rejected the other grounds for Middleton's new trial motion." 318 Md. at 754, 569 A.2d at 1278. At this point, no sentence had been imposed on the second degree rape conviction. Thus, at the conclusion of the hearing on the defendant Middleton's mo-

---

2. The State had previously nol prossed count eight.

tions, neither the first degree rape charge nor the second degree rape charge had been finally disposed of. A new trial had been awarded on the first degree rape charge, and there was a guilty verdict, but no sentence, on the second degree rape charge.

Next in *Middleton*, the trial judge sentenced the defendant to fifteen years imprisonment on the second degree rape conviction. He also sentenced him to fifteen years imprisonment on the attempted first degree sexual offense conviction, with ten years suspended and five to run consecutive to the sentence for second degree rape. The trial judge merged the conviction on count seven (attempted second degree sexual offense).

Consequently, at the time of sentencing on the lesser included second degree rape count in *Middleton*, a new trial had already been awarded on the greater first degree rape charge. The *Middleton* case was in precisely the same posture as the present case. In both, when sentences were imposed on the lesser included charges, new trials had been awarded on the greater charges. In each case, the issue became whether the imposition of the sentence on the lesser included charge precluded further proceedings and imposition of a sentence on the greater charge.

In *Middleton*, five days after the imposition of sentences on the second degree rape and attempted first degree sexual offense convictions, the State filed a motion asking the trial court to reconsider its grant of a new trial on the first degree rape charge. Prior to a hearing on the State's motion, the defendant took an appeal from the judgments on the second degree rape and attempted first degree sexual offense charges. The Court of Special Appeals, while fully cognizant of the first degree rape count, entertained the appeal and, in an unreported opinion, affirmed the judgments on the second degree rape and attempted first degree sexual offense charges. This Court denied a petition for a writ of certiorari, *Middleton v. State*, 313 Md. 8, 542 A.2d 845 (1988). The intermediate appellate court's acceptance of the first appeal in *Middleton* was consistent with settled Maryland law that a

criminal conviction becomes final and appealable upon the imposition of sentence even though another count in the same charging document has not been finally disposed of by the trial court.[3]

While the first appeal was pending in *Middleton*, the trial judge held a hearing on the State's motion and thereafter

---

**3.** The enactment of Ch. 506 of the Acts of 1892 created the requirement of a final judgment before there could be an appeal in a criminal case. See the discussions in *Pearlman v. State*, 226 Md. 67, 70–71, 172 A.2d 395, 396–397 (1961); *State v. Floto*, 81 Md. 600, 32 A. 315 (1895); *Avirett v. State*, 76 Md. 510, 25 A. 676 (1893); *Ridgely v. State*, 75 Md. 510, 23 A. 1099 (1892). Since that time, in multi-count criminal cases where a sentence or other sanction has been imposed on one or more counts, this Court has consistently treated the judgment as final and entertained the appeal even though the trial court failed to dispose of some of the counts. The Court has adopted a policy which disfavors the pendency of unresolved counts after an appeal has been taken from the verdict and sentence on one count. It has not implemented this policy, however, by treating the initial judgment as nonfinal and dismissing the initial appeal; rather, it has implemented the policy by applying, wherever possible, certain rules to dispose of the unresolved counts upon the initial appeal. *See, e.g., Fabian v. State*, 235 Md. 306, 201 A.2d 511, *cert. denied*, 379 U.S. 869, 85 S.Ct. 135, 13 L.Ed.2d 72 (1964) (defendant was found guilty on three counts, but the trial judge imposed sentence on only one count, leaving two counts unresolved; this Court entertained the appeal from the judgment on one count and, with respect to the other two counts, held that the failure to sentence would be deemed a suspension of sentence); *Felkner v. State*, 218 Md. 300, 306, 146 A.2d 424, 428 (1958) (a nonjury trial where the trial judge found the defendant guilty on one count, not guilty on another count, and totally overlooked three other counts; this Court entertained the appeal, reversed the final judgment on one count for insufficient evidence, and held that the trial judge's failure to dispose of three counts "amounted to a finding of not guilty on [those] counts"); *Glickman v. State*, 190 Md. 516, 60 A.2d 216 (1948); *Mechanic v. State*, 163 Md. 428, 430, 163 A. 711, 712 (1933); *Hechter v. State*, 94 Md. 429, 441–443, 50 A. 1041, 1043 (1902). *See also White v. State*, 300 Md. 719, 726, 481 A.2d 201, 204 (1984), *cert. denied*, 470 U.S. 1062, 105 S.Ct. 1779, 84 L.Ed.2d 837 (1985); *Reed v. State*, 225 Md. 566, 171 A.2d 464 (1961), *cert. denied*, 368 U.S. 958, 82 S.Ct. 402, 7 L.Ed.2d 390 (1962); *Buckner v. State*, 11 Md.App. 55, 57–58, 272 A.2d 828, 830–831 (1971); *Sands v. State*, 9 Md.App. 71, 78–79, 262 A.2d 583, 588 (1970).

On the other hand, in the situation where no sentence or other sanction is imposed on any count, but the trial judge grants a motion to dismiss a count when other counts have not been disposed of, the dismissal has not been regarded as a final judgment. *See Jones v. State*, 298 Md. 634, 471 A.2d 1055 (1984).

granted the State's motion, vacated the order for a new trial on the first degree rape charge, and reinstated the guilty verdict on that charge. Sometime later, the trial judge imposed a separate fifteen-year sentence on the first degree rape conviction, to run concurrently with the prior sentence for second degree rape. The defendant took an appeal from this judgment, and a divided Court of Special Appeals affirmed, *Middleton v. State,* 76 Md.App. 402, 545 A.2d 103 (1988). The affirmance by the Court of Special Appeals was seven months *after* that court had affirmed the judgments on the second degree rape and first degree sexual offense convictions, and two months after this Court had denied certiorari. The effect of the Court of Special Appeals' affirmance was that the defendant had two separate fifteen year sentences for the same rape.

This Court in *Middleton* granted the defendant's petition for a writ of certiorari to review the Court of Special Appeals' affirmance of the judgment on the first degree rape count. In a unanimous opinion, we first pointed out that the first and second degree rape charges, both based upon the identical act, constituted the same offense for double jeopardy purposes. This Court reversed the judgment for first degree rape, holding that it violated Maryland's common law double jeopardy prohibition in two respects: (1) the further proceedings on the pending first degree rape count, after the imposition of sentence on the second degree rape count, violated that aspect of the double jeopardy prohibition embodied in the plea of *autrefois convict;* (2) separate sentences for both first and second degree rape violated the prohibition against multiple punishments for the same offense.

In reaching our conclusions in *Middleton,* we expressly held that when the trial court imposed a sentence on the second degree rape charge, the judgment on that count became final despite the fact that the trial judge had vacated the verdict on the first degree rape charge and had purported to order a new trial on that count, 318 Md. at 759–760, 569 A.2d at 1281. We specifically relied upon the many cases in this Court holding that where there is a guilty verdict and sentence imposed for a

"particular offense," the imposition of the sentence "constitutes a final judgment in the criminal prosecution for that offense." *Ibid.* Our holding that the proceedings and sentencing on the first degree rape charge, occurring after sentencing for second degree rape, violated common law double jeopardy principles, was fully dependent upon the finality of the judgment on the second degree rape count. Thus, we stated that the *autrefois convict* principle requires that " ' "there had been a final" ' " judgment of conviction. 318 Md. at 756, 569 A.2d at 1279. Moreover, we went on in *Middleton* to state that, because first and second degree rape constitute the same offense, the legal effect of imposing a sentence on count two for second degree rape was "a final judgment for the offense of rape which had been charged in counts one and two of the indictment." 318 Md. at 760, 569 A.2d at 1281.

Our multiple punishment holding in *Middleton* was also expressly dependent on the finality of the second degree rape conviction when the sentence was imposed for that offense. We stated (318 Md. at 760–761, 569 A.2d at 1281, emphasis added):

"We have repeatedly held that separate sentences, even if concurrent, for a greater and lesser included offense, based on the same act or transaction, are normally prohibited. *See, e.g., Nightingale v. State, supra,* 312 Md. 699, 542 A.2d 373; *State v. Frye, supra,* 283 Md. 709, 393 A.2d 1372; *Newton v. State, supra,* 280 Md. 260, 373 A.2d 262. Here, in violation of the teaching of those cases, the trial court imposed a fifteen year sentence for second degree rape and a separate fifteen year sentence for first degree rape. Usually when a trial court does this, we would vacate the sentence for the lesser included offense. In the present case, however, the sentence for the lesser included offense *had been imposed at an earlier time, had become final,* and the case was on appeal when the sentence for the greater offense was imposed. Furthermore, the *case involving the lesser included offense is not before this Court at this time, is entirely final including all appeals, and is beyond our reach.* Under the peculiar circumstances here, the principle

precluding multiple sentences for the same offense entitles the defendant to have the sentence for first degree rape overturned."

Of course, if the judgment on the lesser included offense in *Middleton* had not been considered final until the disposition of the count charging the greater offense, it would have been before this Court at the same time we considered the judgment on the greater count.

With regard to the final judgment and double jeopardy issues, there is no pertinent factual distinction between *Middleton* and *Griffiths*. In both cases, the State expressly charged the defendants with greater and lesser included offenses, had a full trial on both offenses with a full opportunity to present its evidence, sought and obtained the guilty verdicts on the lesser included offenses, and had no objections to the imposition of sentences for the lesser included offenses.[4] In both *Middleton* and *Griffiths*, when sentences were imposed on the counts charging the lesser included offenses, new trials were pending on the counts charging the greater offenses. The holding in *Middleton*, that the imposition of sentence for the lesser included offense resulted in a final judgment of conviction for that offense, is fully applicable to *Griffiths*.

Furthermore, under our holding in *Middleton* concerning the finality of judgments in criminal prosecutions, when the *Middleton* and *Griffiths* cases reached this Court for decisions with respect to the greater offenses, the judgments on the lesser included offenses had long been final and were not

---

**4.** Thus, the situations in *Middleton* and *Griffiths* were quite different from that in *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), despite the Court of Special Appeals' view in the instant case that *Ohio v. Johnson* and *Middleton* are in conflict. *Ohio v. Johnson* did not involve the finality issue presented by the instant case and *Middleton*. Everything in *Ohio v. Johnson* occurred at the defendant's arraignment; there was never a trial in that case. Moreover, everything was disposed of in the trial court at one time. At the defendant's arraignment, the judge accepted the defendant's guilty pleas to some counts, over the prosecution's objection. The judge then "dismissed the remaining charges," 467 U.S. at 496, 104 S.Ct. at 2539, 81 L.Ed.2d at 431.

before this Court. We decided the *Middleton* case more than twenty months after we had denied a petition for a writ of certiorari to review the Court of Special Appeals' affirmance of the judgment on the lesser included offense. In *Griffiths,* the sentence on count two, charging the lesser included offense, was imposed on March 1, 1991, and the defendant took no appeal from that judgment. Thus, the judgment on the lesser included offense became completely final after the time for appeal had expired on April 1, 1991. Under our holding in *Middleton,* the judgment disposing of the lesser included offense in *Griffiths* is not before us now.

Today's majority opinion in *Griffiths* advances the theory that the conviction and sentence on the lesser included offense, while otherwise a final judgment, remained open for the limited purpose of "correcting" the sentence if, in the future, the imposition of another sentence for the same offense would create an illegality. The majority directs the trial court to vacate the sentence which had been imposed on the lesser included offense four years ago and which had never been appealed or challenged in any other way. In accordance with *Middleton*'s double jeopardy holding, the majority agrees that separate sentences for the greater and lesser included offenses are illegal and cannot be imposed. Nevertheless, the majority takes the position that because, in the majority's view, Maryland Rule 4–345(a) authorizes the judgment on the lesser included offense to be vacated, proceedings on the greater charge, which would ordinarily be barred because they could result in the creation of an illegality, are permitted. Therefore, the majority holds that the sentence on count two is before us today and that we may, in this appeal, order that the sentence on count two be vacated.

As previously discussed, this Court's opinion in *Middleton* made it clear that, if the judgment on the count charging the lesser included offense had not become final, further proceedings on the count charging the greater offense would not have been precluded by the common law principle of *autrefois convict.* 318 Md. at 756–757, 569 A.2d at 1279. Furthermore, *Middleton* held that, if the judgment on the lesser included

offense count had not earlier become final, but if it were before us in addition to the judgment on the count charging the greater offense, "we would vacate the sentence for the lesser included offense." 318 Md. at 761, 569 A.2d at 1281. The majority today holds, contrary to the principles set forth in *Middleton*, that there is no bar to the subsequent prosecution and sentence for the greater offense because, if that trial results in a conviction and sentence for the greater offense, the trial court, pursuant to Maryland Rule 4–345(a), should vacate the earlier judgment on the count charging the lesser included offense. The majority distinguishes *Middleton* on the ground that Rule 4–345(a) was not raised or mentioned in that case.

## II.

If the majority's use of Rule 4–345(a) were legally sound under the circumstances of this case, I would agree that *Middleton* could properly be distinguished on the ground that the rule was neither mentioned by a party nor raised by the Court *sua sponte* in *Middleton*. Nevertheless, the majority's application of Rule 4–345(a) in this case is not legally sound.

Maryland Rule 4–345(a) states: "The court may correct an illegal sentence at any time." There are numerous problems with the majority's employment of this rule to accomplish the desired result in the present case.

The greatest flaw in the majority's reasoning is that the sentence imposed on the lesser included offense is not, and never has been, illegal. Rule 4–345(a) authorizes the vacation of "an illegal sentence." The sentence imposed upon Dorin Griffiths for possession of cocaine was legal when imposed and has remained an entirely legal sentence for that offense. No prior sentence for the offense, or for a lesser included offense, had been imposed so as to preclude on multiple punishment grounds the sentence for possession of cocaine. The majority's position is that, when there exists a legal sentence for an offense, and when further criminal proceedings culminating in a second sentence for the same offense would create an

illegality, the further proceedings and second sentence creating the illegality are nevertheless permissible. The illegality is allowed to occur, and thereafter is cured by a court *sua sponte* vacating the earlier legal sentence. This turns Rule 4–345(a) upside down.

Moreover, the majority's approach today is directly contrary to basic legal process. Whenever, either in criminal or civil law, a judicial action is entirely legal, and a subsequent judicial action would create an illegality, it is the subsequent action which is illegal and prohibited. For example, if a civil action results in a final judgment for the defendant, and the plaintiff thereafter brings another civil action against the defendant on the same cause of action, and the defendant pleads res judicata, it is the second action which is not allowed to proceed because of res judicata principles. Under the majority's approach today, if a court believes that the result of the second civil action would be preferable, it could vacate the earlier final judgment for the defendant and thus eradicate the res judicata issue. The majority's approach of permitting the second action which creates the illegality, and curing the illegality by vacating the first action which has become final, could revolutionize double jeopardy principles. Successive prosecutions for the same offense, after earlier final convictions, could generally be permitted by vacating the earlier judgments of conviction. The Court cites no authority, and I am aware of none, supporting its result-oriented position.[5]

The majority's holding that the judgment on the count charging possession of cocaine, while otherwise final, remains open for correction of an "illegal sentence" pursuant to Rule 4–345(a), also cannot be reconciled with this Court's prior cases construing and applying Rule 4–345(a) or its identically worded predecessor rules. This Court has held in a series of cases that, after a sentence has been imposed for a criminal

---

5. The majority of this Court has, in the past, been adamant in refusing to set aside final, enrolled judgments. *See, e.g., Tandra S. v. Tyrone W.,* 336 Md. 303, 313–325, 648 A.2d 439, 444–450 (1994); *Andresen v. Andresen,* 317 Md. 380, 564 A.2d 399 (1989). Today's decision reflects quite a departure from the majority's normal position.

offense, and after the time for taking an appeal from that sentence has expired, a proceeding under Rule 4–345(a) is a separate, collateral action, with respect to which there is no appellate jurisdiction. The Court has held that such a Rule 4–345(a) proceeding is an independent statutory remedy in the same category as a common law habeas corpus proceeding challenging a criminal conviction. *See Valentine v. State,* 305 Md. 108, 114–120, 501 A.2d 847, 850–853 (1985); *Harris v. State,* 241 Md. 596, 598, 217 A.2d 307, 308 (1966); *Wilson v. State,* 227 Md. 99, 175 A.2d 775 (1961). *See also Telak v. State,* 315 Md. 568, 575–576, 556 A.2d 225, 228–229 (1989). The majority now treats the Rule 4–345(a) proceeding as part of the same criminal proceeding as the earlier final judgment of conviction, and it *sua sponte* exercises appellate jurisdiction. Presumably the majority is *sub silentio* overruling the above-cited cases.[6]

In addition, the majority's holding today, as applied to a factual situation like that in the *Middleton* case, is contrary to the well-recognized limitations on a trial court's authority to act in a matter that is pending on appeal. Prior to *Pulley v. State,* 287 Md. 406, 414–419, 412 A.2d 1244, 1248–1250 (1980), the general rule set forth in numerous opinions by this Court was that a trial court lacked jurisdiction to act in a case after the filing of a notice of appeal and during the pendency of appellate proceedings. In *Pulley v. State, supra,* we narrowed that principle, holding that a trial court still retained fundamental subject matter jurisdiction. Nevertheless, we expressly held that "the trial court, from which the appeal [has] been taken, [is] prohibited from re-examining the decision or order upon which the appeal [is] based." 287 Md. at

---

6.. The majority cites *Boyd v. State,* 321 Md. 69, 581 A.2d 1 (1990), as authority for its use of Rule 4–345(a) in the present case. *Boyd,* however, was a direct appeal from the final judgment embodying the illegal sentence. *Boyd* did not involve reliance on Rule 4–345(a) after the time for direct appeal of the sentence had expired. The majority opinion also cites *Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981). The language in *Coles* concerning the nature of a Rule 4–345(a) proceeding, however, was expressly disapproved in *Valentine v. State,* 305 Md. 108, 119, 501 A.2d 847, 852 (1985).

417, 412 A.2d at 1250. In the *Middleton* case, at the time when the trial court imposed the sentence on the greater offense, and at the time when, under today's holding, the trial court should have vacated the judgment on the count charging the lesser included offense, an appeal was pending in the Court of Special Appeals from the judgment on the lesser charge. The majority's position is directly contrary to *Pulley* and its progeny, as well as contrary to the numerous cases discussed in the *Pulley* opinion.

Presumably as a justification for upholding the proceedings and sentence on the greater charge, the majority opinion points to the rule that "[o]rdinarily, when a mistrial has been declared as a result of manifest necessity . . ., retrial of the same charge is not prohibited by the Double Jeopardy Clause." Of course, as the majority recognizes by the use of the word "ordinarily," this principle is not always applicable. Where an intervening event disposes of the criminal charge after the declaration of a mistrial, a retrial is not permitted. For example, if, after the declaration of the mistrial and prior to the retrial, the prosecution nol prosses the charge, a retrial under the same charging document would not be permitted. In the present case, the imposition of sentence for possession of cocaine, creating a final judgment for that offense, was the intervening event precluding further proceedings and a sentence on the greater charge.

The majority also seems to give some significance to the fact that both the greater and lesser included charges "were embraced within a single prosecution." Of course, occasionally double jeopardy problems can arise in the context of what began as a single charging document. *See, e.g., Smalis v. Pennsylvania,* 476 U.S. 140, 144–145, 106 S.Ct. 1745, 1748–1749, 90 L.Ed.2d 116, 121–122 (1986); *Sanabria v. United States,* 437 U.S. 54, 63–74, 98 S.Ct. 2170, 2178–2184, 57 L.Ed.2d 43, 53–60 (1978); *Butler v. State,* 335 Md. 238, 252–273, 643 A.2d 389, 396–406 (1994); *Ferrell v. State,* 318 Md. 235, 567 A.2d 937, *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990); *Wright v. State,* 307 Md. 552, 562–573, 515 A.2d 1157, 1162–1168 (1986). Moreover, when part of

a proceeding is finalized, such as by a certification under Maryland Rule 2–602(b) or Federal Rule 54(b) of a claim in a civil case, or by imposition of a sentence on a count in a criminal case, the effect is to create "a wholly independent action," *Bendix Aviation Corp. v. Glass,* 195 F.2d 267, 269 (3rd Cir.1952). By rendering a final judgment on one count in a charging document but retaining jurisdiction over another, a trial court effectively creates two separate cases.

In sum, the *Middleton* decision embodied a sound application of Maryland criminal law principles, and the Court of Special Appeals properly applied *Middleton* in the present case. The majority's refusal to apply the *Middleton* holding presents a host of difficulties under Maryland law.

### III.

As indicated earlier, I disagree with the Court of Special Appeals' view that there is a conflict between the *Middleton* holding and the Supreme Court's decision in *Ohio v. Johnson, supra.* *Middleton* was based wholly on Maryland law relating to final judgments in criminal prosecutions as well as Maryland common law double jeopardy principles. *Ohio v. Johnson* was based entirely upon the Double Jeopardy Clause of the Fifth Amendment.

Moreover, the *Middleton* decision was not inconsistent with the policy underlying the Supreme Court's decision in *Ohio v. Johnson.* The normal double jeopardy rule, set forth by the Supreme Court in *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), is that a final judgment of conviction for a lesser included offense precludes further criminal proceedings or punishment for a greater offense when both are based on the same act or acts. *Ohio v. Johnson* recognized an exception to the normal rule in a situation where the defendant was allowed to plead guilty to the lesser included offense over the prosecution's objection, where the prosecution did not have an opportunity to put on its case, and particularly where the prosecution had no opportunity to present its evidence with regard to the greater offense. The Supreme Court thus

stated in *Ohio v. Johnson, supra,* 467 U.S. at 501–502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435:

"Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial.... There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws."

Consequently, *Ohio v. Johnson* was in large part based on fairness to the prosecution.

As the *Middleton* opinion expressly recognized, 318 Md. at 759, 569 A.2d at 1280–1281, the circumstances of *Middleton* were vastly different from the situation in *Ohio v. Johnson.* In *Middleton,* as well as in *Griffiths,* the defendants were previously exposed to convictions for the offenses, and, under Maryland law, this exposure culminated in final judgments of conviction for rape in *Middleton* and possession of cocaine in *Griffiths.* In both cases, there were full trials on the counts charging the greater and the lesser included offenses, and the prosecution had full opportunity to present its evidence. The State sought and obtained guilty verdicts on the counts charging the lesser included offenses. If the State had objected to the imposition of sentences on the lesser included offenses, it is likely that the trial judges would not have imposed those sentences, and further proceedings on the counts charging the greater offenses could properly have taken place. Nevertheless, the State acquiesced in the imposition of sentences for rape in *Middleton* and possession of cocaine in *Griffiths.* Under settled Maryland law, the imposition of the sentences constituted final judgments for those offenses. Under these circumstances, further proceedings and sentences on the counts charging the greater offenses necessarily would result in multiple punishments for the same offenses, which is ordinarily prohibited under Maryland law. Our decision in *Middleton,* and the decision of the Court of Special Appeals in

*Griffiths,* simply did not result in the type of unfairness to the State which concerned the Supreme Court in *Ohio v. Johnson.*[7]

The issue presented by the *Middleton* and *Griffiths* cases only arises when trial judges unfortunately engage in piecemeal sentencing with regard to greater and lesser included offenses. If trial judges would not impose a sentence for a lesser included offense prior to the disposition of the greater offense, the issue would not arise. Where it does, the difference between the *Middleton* decision and the majority's decision today is between vacating the sentence for the greater offense and vacating the sentence for the lesser included offense. In *Middleton,* both sentences were identical. I submit that any policy reasons which might support the majority's choice today are far outweighed by the damage done to settled Maryland law.

Judge BELL has authorized me to state that he concurs with the views expressed herein.

---

7. The majority opinion today also relies on *Huff v. State,* 325 Md. 55, 599 A.2d 428 (1991). In *Huff,* like the situation in *Ohio v. Johnson,* but unlike the situation in *Middleton* and *Griffiths,* if we had accepted the defendant's argument, the prosecution would not have had an opportunity to present its evidence and have a trial on the greater offense because of the defendant's payment of a pre-set fine on the charge of the lesser included offense. *Huff* does represent a bona fide exception to Maryland common law double jeopardy principles. It is an exception justified by the fairness consideration set forth in *Ohio v. Johnson.*